IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SCOTT, | * | |
| Petitioner, | * | Civil Action No. RDB-14-1575 |
| v. | * | Criminal Action No. RDB-08-0034 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Ronald Scott ("Petitioner" or "Scott") has filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 54). Petitioner contends that Judge Andre M. Davis, formerly of this Court[1] and the sentencing judge in this case, improperly enhanced his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), in light of the United States Supreme Court's intervening decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Currently pending before this Court are Petitioner's Motion to Vacate (ECF No. 54) and Motions to Appoint Counsel (ECF Nos. 66 and 68). This Court has reviewed the parties' submissions and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Petitioner's Motion to Vacate, Set Aside or Correct

---

[1] On November 10, 2009, Judge Andre M. Davis was commissioned as a Judge of the United States Court of Appeals for the Fourth Circuit. This case was subsequently reassigned to the undersigned Judge Richard D. Bennett on May 14, 2014.

Sentence (ECF No. 54) is DENIED. Additionally, Petitioner's Motions to Appoint Counsel (ECF Nos. 66 and 68) are also DENIED.[2]

## BACKGROUND

After pleading guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), Petitioner Ronald Scott ("Petitioner" or "Scott") was sentenced by Judge Andre M. Davis, formerly of this Court.[3] At sentencing, Judge Davis adopted the findings in the Presentence Report, which indicated that Scott had several Maryland state convictions predating his plea, including 1993 and 1995 convictions for distributing cocaine, a 1999 conviction for second degree assault, and a 2004 conviction for possession with the intent to distribute cocaine.[4] Presentence Report ¶¶ 30-36. Accordingly, Judge Davis sentenced Scott to the mandatory minimum sentence of 180 months (15 years) imprisonment on the basis that he qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e).[5]

Petitioner appealed this Court's Judgment to the United States Court of Appeals for the Fourth Circuit, contending that he was seized in violation of the Fourth Amendment to

---

[2] There is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel at this time. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.

[3] As stated *supra*, Judge Andre M. Davis has since been commissioned as a Judge of the United States Court of Appeals for the Fourth Circuit. This case has subsequently been reassigned to the undersigned Judge Richard Bennett.

[4] The Presentence Report did not explicitly indicate which drug was involved in Petitioner's 1993 drug distribution conviction. The Government has subsequently filed Maryland State court records indicating that Petitioner was convicted of distributing cocaine. *See* Gov.'s Mem. Opp'n, Ex. 2, ECF No. 65-2.

[5] The Government requested Armed Career Criminal designation based on either serious drug offenses or violent crimes, and Judge Davis did not specify on which ground he granted the designation. *See* Sentencing Trans. 7, ECF No. 65-1.

the United States Constitution and that this Court improperly denied his motion to suppress evidence. *United States v. Scott*, 358 Fed. App'x 392 (4th Cir. 2010). The Fourth Circuit affirmed Petitioner's conviction and sentence. *Id.* Subsequently, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 54).

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) the court lacked "jurisdiction to impose the sentence; . . . [(3)] the sentence was in excess of the maximum authorized by law; or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255.

## ANALYSIS

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) requires a minimum fifteen year sentence for individuals convicted under 18 U.S.C. § 922(g) who have had three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Here, Petitioner objects that he was improperly designated an Armed Career Criminal because his 1997 second degree assault conviction is not a "violent felony" ACCA. Petitioner argues that the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and the opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013) preclude this Court from using either the "modified categorical approach" or the "traditional categorical approach" to

determine that his 1997 second degree assault conviction qualifies as a predicate felony for ACCA purposes. He contends that both cases apply retroactively to cases on collateral review, entitling him to relief from his sentence.

I. Petitioner's Designation as an Armed Career Criminal was Proper

In *Descamps v. United States*, the Supreme Court held that sentencing courts may only apply a "modified categorical approach" in enhancing an individual's sentence in a small set of circumstances. *Descamps*, 133 S.Ct. at 2279-80. First, the prior conviction at issue must arise from a "divisible statute", that is, a statute which sets out one or more elements of an offense in the alternative. *Id.* at 2279. Then, after determining that the predicate conviction arises from a divisible statute, courts may consult a limited class of documents to determine which alternative formed the basis of the defendant's prior conviction. *Id.* That prior conviction can only serve as a predicate offense for ACCA purposes if the elements of the crime used to convict the defendant match, or are narrower than, those of the generic offense. *Id.*

Following *Descamps*, the United States Court of Appeals for the Fourth Circuit held in *United States v. Royal* that Maryland's second degree assault offense, for which Petitioner was convicted in 1997, could not be a predicate offense under the ACCA because it did not comport with the ACCA's definition of a "violent felony". *Royal*, 731 F.3d at 341-342. Applying the traditional categorical approach, which looks "only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence,'" the Fourth Circuit held that because Maryland's second degree assault offense "reaches any

unlawful touching, whether violent or nonviolent and no matter how slight," it could not be considered a predicate "violent felony" under 18 U.S.C. §924(e)(2)(B). *Id.* at 342.

      Petitioner's contention that his sentence was improperly imposed, in light of *Descamps* and *Royal*, is fundamentally flawed. First, Judge Davis did not indicate at sentencing that he relied in any way on the modified categorical approach to enhance Petitioner's sentence. Sentencing Transc., ECF No. 65-1. Additionally, at Petitioner's sentencing hearing neither party objected that the elements of Petitioner's prior convictions failed to qualify those convictions as predicate felonies for ACCA purposes. *Id.* Furthermore, even assuming *arguendo* that the second degree assault charge was rendered inapplicable under *Royal*, the ACCA would still require at least a fifteen year sentence because Petitioner had three "serious drug offenses". The ACCA requires a minimum fifteen year sentence for individuals convicted under §922(g) who have had three previous convictions for violent felonies *or serious drug offenses*. 18 U.S.C. § 922(e)(1) (emphasis added). A "serious drug offense" under the ACCA includes offenses under state law involving the distribution of, or intent to distribute, a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 922(e)(1)(A)(ii). Petitioner's 1993, 1995, and 2005 cocaine distribution convictions meet these requirements, as they each carry a maximum penalty of twenty years imprisonment. MD. CODE ANN., CRIM. LAW § 5-608(a). Petitioner does not dispute that his prior drug offenses qualify him as an armed career criminal under the ACCA. In fact, he does not discuss them at all in this pending Motion to Vacate. Accordingly, his designation as an armed career criminal, and sentence enhancement under the ACCA, were proper.

II. Petitioner is Not Entitled to Relief under *Descamps v. United States*

Even if *Descamps* and *Royal* applied to Defendant's prior convictions, this Court would not vacate, set aside, or correct Petitioner's sentence. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 and established a one-year statute of limitations for filing post-conviction claims in federal court. Petitioners must file under Section 2255 within one year of the latest of the following events:

(1) the date on which the conviction becomes final;

(2) the date on which an impediment created by government action in violation of the Constitution or laws of the United States is removed;

(3) the date on which the right was recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review; or

(4) the date on which the facts that support the claim presented could have been discovered through the exercise of diligence.

*See* 28 U.S.C. § 2255(f) (emphasis added).

Although Petitioner filed the pending Motion to Vacate within one year after the decisions in *Descamps* and *Royal*, neither the Supreme Court in *Descamps* nor the Fourth Circuit in *Royal* indicated that these decisions apply retroactively to cases on collateral review. Additionally, this Court is not aware of any subsequent circuit court opinion so holding. *See Martin v. United States*, No. PJM 02-178, 2015 WL 3780444, at *3 (D. Md. June 9, 2015); *Baldwin v. United States*, No. JFM-13-2006, 2013 WL 6183020, at *2 (D. Md. Nov. 25, 2013); *Randolph v. United States*, No. CCB-13-1227, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013);

6

*see also United States v. Owens*, No. 3:05CR264-HEH-1, 2016 WL 1562917, at *2 (E.D. Va. 2016) (explaining that *Descamps* does not recognize a new right or apply retroactively on collateral review). Therefore, Petitioner is not entitled to relief from his sentence under either *Descamps* or *Royal*.

Where a Section 2255 motion is based on an alleged sentencing miscalculation, relief should only be afforded where "the sentence was in excess of the maximum authorized by law" and therefore constitutes a "miscarriage of justice." 28 U.S.C. § 2255(a); *see United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999). Petitioner has failed to demonstrate that Judge Davis improperly calculated his sentence or that a miscarriage of justice occurred. Therefore, Petitioner's Motion to Vacate (ECF No. 54) is DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 54) is DENIED. Additionally, both of Petitioner's Motions to Appoint Counsel (ECF Nos. 66 and 68) are also DENIED. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller-El v. Cockrell*,

537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioners' claims debatable, a certificate of appealability is DENIED.

    A separate Order follows.

Dated: June 7, 2016                           \_\_\_\_/s/_____
                                                                     Richard D. Bennett
                                                                      United States District Judge